FILED
COUNTY CLERK

2021 FEB 17  AM 10: 45

WHATCOM COUNTY
WASHINGTON

BY_____

SUPERIOR COURT OF WASHINGTON

FOR WHATCOM COUNTY

STEVEN TOJEK,

    Plaintiff(s),

No. 21-2-00117-37

Vs.

AMENDED COMPLAINT FOR DAMAGES

WHATCOM COUNTY,

DEPARTMENT OF PROSECUTING ATTORNEY, WHATCOM COUNTY

GEORGE C. ROCHE, ESQ., DEPUTY PROSECUTING ATTORNEY,

CITY OF BLAINE,

BLAINE POLICE DEPARTMENT,

OFFICER JACOB FARRER, BLAINE POLICE DEPARTMENT,

OFFICER JON LANDIS, BLAINE POLICE DEPARTMENT,

OFFICER JASON HENTZ, BLAINE POLICE DEPARTMENT.

    _____Defendant(s)

STEVEN TOJEK, appearing *pro se* alleges the following:

1

## I. CLAIMS FOR RELIEF

1. STEVEN TOJEK at all times material was a resident and homeowner within the City of Blaine, Washington. Both at the time of presentation of the claim and when the claim arose, I resided at 1412 Mitchell Ave, Blaine WA 98230.

2. WHATCOM COUNTY is a political subdivision, a county located in the State of Washington. The business address of WHATCOM CUNTY is 311 Grand Ave., Bellingham, WA 98225.

3. WHATCOM COUNTY has a DEPARTMENT OF PROSECUTING ATTORNEY with a business address of 311 Grand Avenue, Suite 201, Bellingham, WA 98225. *"The mission of the Prosecuting Attorney's Office, in partnership with the communities we serve, is to vigorously protect the rights of the people of Whatcom County."* https://www.whatcomcounty.us/3161/About-Us

4. At all times material herein GEORGE C. ROCHE, ESQ., was a DEPUTY PROSECUTING ATTORNEY for WHATCOM COUNTY with a business address of 311 Grand Avenue, Suite 201, Bellingham, WA 98225.

5. The CITY OF BLAINE is a political subdivision, a city, located in WHATCOM COUNTY, Washington State. The CITY OF BLAINE provides a police force that polices within the geographic borders of the CITY OF BLAINE. The business address for the CITY OF BLAINE is 435 Martin St. Suite 3000, Blaine, WA 98230.

6. At all times material herein, BLAINE POLICE DEPARTMENT is and was the police force for the CITY OF BLAINE. The business

2

address for the BLAINE POLICE DEPARTMENT is 322 H Street Blaine, WA 98230.

7. At all times material hereto OFFICER JACOB FARRER, was a police officer with BLAINE POLICE DEPARTMENT. His business address is 322 H Street Blaine, WA 98230.

8. At all times material hereto OFFICER JON LANDIS, was a police officer with BLAINE POLICE DEPARTMENT. His business address is 322 H Street Blaine, WA 98230.

9. At all times material hereto OFFICER JASON HENTZ, was a police officer with BLAINE POLICE DEPARTMENT. His business address is 322 H Street Blaine, WA 98230.

10. Venue in this Court is proper as the amount in controversy exceeds the jurisdictional limits of all lower courts, and all relevant events occurred in Whatcom County.

11. This Court has personal jurisdiction over the defendants as all defendants are located within Whatcom County.

12. I served a claim form on WHATCOM COUNTY on December 1, 2020; and more than sixty (60) days have elapsed from that time.

13. I served a claim form on CITY OF BLAINE on December 1, 2020; and more than sixty (60) days have elapsed from that time.

14. All events took place in Whatcom County between December 2, 2017 and October 31, 2019. The original traffic stop was on December 2, 2017. On February 9, 2018, 2 1/2 months after the traffic stop a misdemeanor charge was issued against me. I was

charged with an "Obstruction of Law enforcement officer." The charge was retaliatory in nature as it came only after I made complaints that the BLAINE POLICE DEPARETMENT were embellishing, adding unnecessary information in their police reports concerning the driver's mannerisms while operating the vehicle; and because I fought the impounding of my vehicle. The charge brought against me RCW 9A.76.020, obstructing a police officer was dismissed with prejudice on October 31, 2019.

15. On December 2, 2017, I was a passenger in my vehicle that was being driven by an acquaintance. I was tired and fatigued and fell asleep at various points.

16. The driver of my vehicle was pulled over by the BLAINE POLICE DEPARTMENT. The traffic stop took place at approximately 2100 Peace Portal Drive in Blaine. Eventually all the named police officer defendants would arrive at the scene as my vehicle was towed from 2100 Block of Peace Portal Drive, Blaine, Washington.

17. As I understand, the driver was initially stopped for a speeding violation. The arresting officer aimed to impound my vehicle without being concerned for making the decision to do so. The Washington State law during the time of the traffic stop allowed the arresting officer to impound any vehicle as long as the officer could plant a DUI charge on the driver and then justify said charge in his arrest report, and so the arresting officer did exactly this.

18. Upon information and belief, the arresting officer did not have sufficient probable cause to charge the driver with a DUI charge. The law at the time secured the arresting officer's position to impound my vehicle; however, he made the decision to impound my vehicle prior to adding the DUI charge on the driver. This same law utilized to shield the arresting officer's unethical decision to impound my vehicle was eventually eliminated by the State of Washington for being unconstitutional.

19. The Blaine police officers were negligent in their duties. At the time of the impounding of my vehicle, there was no probable cause to do so.

20. The sensitive material from the unfinished investigation regarding the BLAINE POLICE DEPARTMENT on January 15th was input into Shah Khan's December 2nd traffic stop police report. Disregarding good standard police procedure by adding an unfinished investigation to an unrelated persons police report while knowingly inputting unnecessary information to a report in an unrelated event.

21. Shah Khan and the traffic stop event are unrelated to the January investigation and have no affiliation to each other and are unrelated events. The BLAINE POLICE DEPARTMENT created an unnecessary nexus to both events and doing potential unnecessary damage from these actions.

22. Law enforcement information exchange is a "need to now basis". Information associated from events concerning local law with state jurisdiction and unrelated to federal immigration services regarding Shah Khan was shared without a need to know, and demonstrates a serious problem. Shah Khan is a US citizen and doesn't have affiliation to the US Border Protection and Customs agencies.

23. The US Border Patrol doesn't have a need to know for Shah Khan's court case information prior to litigation, and this wrongful information exchange demonstrates unethical information sharing.

24. The BLAINE defendants tried to use this wrongful information sharing to hurt and discredit me by associating me with a negative event; however, it was highly unethical to share courtroom information with an agency that doesn't have a reason to have it, other than to cause unnecessary damage.

25. After December 2, 2017 but before I was charged with a misdemeanor, I contacted the defendant police officers and asked them to revise their reports, so the reports were accurate to the actual events of December 2, 2017. When they refused, I complained to their supervisors.

26. I informed the Blaine Chief, the Blaine City manager, and the county inspectors responsible for investigating unethical

police activities; furthermore, all informed parties refused to properly address the matter.

27. I was fighting the impounding of my vehicle. The Defendant officers impounded the vehicle registered to my name during the event without giving any valid lawful reason. I was the passenger in the traffic stop mentioned; however, the driver of the vehicle was being arrested and taken to jail for mere-speeding while the arresting officer justified his actions by charging the driver with a reckless driving charge without any valid evidence of recklessness. In my opinion, this constitutes an unlawful arrest.

28. Upon information and belief, the defendant police officers made statements to and had several conversations with DEPARTMENT OF PROSECUTING ATTORNEY, WHATCOM COUNTY, wherein I was portrayed as a bad actor, and was portrayed as interfering with their charges against the driver.

29. The misdemeanor charge filed against me was retaliatory in nature. The unethical actions of the Blaine Police Officer opened the doors for a Whatcom County prosecutor to charge me with a crime and draw me into the judicial system unnecessarily. Twenty months of my life were negatively impacted from the decisions of this Blaine Police Officer during the night of December 2, 2017, and in their actions thereafter.

30. Further, it was readily known to the Blaine Police Department that I was an active-duty US Border Patrol Officer, and any charge or accusations of charge or threat of pending charges would have adverse consequences for me at my work.

31. Prior to the events complained of herein, in January of 2017, the Blaine Police Department made misleading and untrue claims against me regarding my on duty activities with the US Border Patrol. I had to endure an internal affairs investigation because of the misleading claim made in or about January 2017. I provided evidence to the US Border Patrol and was exonerated.

32. Before this in the context of making a police report to the BLAINE POLICE DEPARTMENT in 2015 wherein I was assaulted and threatened by a local resident, I was purposely portrayed as the bad actor.

33. I made a request to edit a police report that I had made with an (off duty) Officer of the Blaine Police Department. The topic of the police report involved me being threatened by a local jealous husband of a person that I was friends with. The Officer perceived my complaint wrongly, and this mistake would eventually show me to appear more distasteful in the police report. I made a request to the Blaine Police Officer to correct the police report, and the request was ignored.

1   34.   Later, I made a request to the Police Chief of Blaine
2   for assistance, and being told the matter will investigated, I was
3   ignored.
4   35.   In 2015, I made two more inquires to the Chief. The
5   report was never corrected from what I understood, and there was
6   zero communication with me regarding this matter from Blaine. I
7   thought it to be odd when knowing it was a small and easy correction
8   for the Officer.
9   36.   Upon information and belief, me, and my private vehicles
10  are known to most Blaine Police Officers. In the course of my
11  employment with the US Border Patrol, I regularly work with
12  officers from the BLAINE POLICE DEPARTMENT. I was known for waving
13  to the Blaine Police officers while driving to my work in my
14  privately owned vehicle.
15  37.   I was treated like a spectacle by the BLAINE POLICE
16  DEPARTMENT when I was issued a speeding ticket in 2015.  I was
17  alone on the Interstate between 2-3 in the morning when I was
18  pulled over by a Blaine Police officer.
19  38.   The Blaine police officer decided to activate his
20  emergency lights and start the pursuit toward me. During the
21  "pursuit", prior to the traffic stop, the pursuing officer made a
22  claimed to Border Patrol dispatch that I was failing to yield to
23  the emergency lights; however, the truth of the matter was I was
24  looking for a safe place to pull over while  exiting the

interstate. This fact should have been apparent to the pursuing officer.

39. Upon information and belief, the radio call was made to the Border Patrol to paint me in a negative light. The fact being my supervisors could here this radio traffic was to create doubt regarding me to my supervisors.

40. As part of my fitness to be a US Border Patrol Officer, under current policy we must redo our background checks every five years, so it is important and meaningful to me that any police report involving myself is accurate. The BLAINE POLICE DEPARTMENT has on multiple occasions made police reports involving me that are less than accurate misleading and attempt to paint me in a bad light.

41. It is readily known to BLAINE POLICE DEPARTMENT that whether local, county, state or federal, a law enforcement agent must meet minimum standards; and that when a complaint is made against a law enforcement officer an investigation will be made. Further, that during the time of investigation, the officer being investigated will be put on desk duty or will have a meaningful and significant limitation placed on them while the investigation is ongoing. Even if the investigation ultimately clears the complained of officer of any wrongdoing, the complained of officer still suffered negative repercussions during the investigation period.

42. In other words, a law enforcement officer will suffer negative repercussions simply because an allegation is made. As a result of simply being charged with a misdemeanor in February 2018, I was temporarily reassigned a new position of employment until the court case was resolved. My paycheck during the court case was reduced approximately $27,000 throughout that full length of time.

43. This event created a multitude of negative events at my employment due to the close relationship between my agency and the Blaine Police Department.

44. I paid my attorney $6,975 to compensate him for his time and effort throughout the criminal case.

45. I endured unnecessary additional scrutiny from the Blaine police department throughout the duration of the case.

46. The Blaine Police Department continued to create unnecessary reports from unrelated events so as to appear to have an abundance of derogatory history for the purpose to discredit me for multiple reasons.

47. I ran for political office in 2020, and my campaign was negatively damaged by the false charges. The local paper ran a story that was negative and implied I was unfit for public office because of the charge.

48. I was caused to suffer mental anguish.

49. My reputation and good name have been damaged.

50. I have lost or been delayed in opportunities for advancement with the US Border Patrol. Also, my ability to transfer to a different location has been hindered. The history created by inaccurate police writings damages my credibility, and can be used against me when applying for other details with the US Border Patrol.

**FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS, RETALIATION**

51. I repeat and reallege numbered paragraphs herein 1 through 45.

52. There was no legitimate government reason to impound my vehicle on December 2, 2017. The vehicle was not involved in a collision, and there was no need to examine the vehicle for damage. There was nothing about the vehicle from an evidentiary perspective that would support a charge of reckless driving. There was nothing about the vehicle that would support a charge of speeding. These types of offenses are supported by the police officer's direct observation or use a speed measuring device. The interests of public safety were not advanced by impounding my vehicle, as the operator of vehicle was arrest, and taken away from the scene. Further there was not sufficient probable cause to support the impounding of my vehicle.

53. The impounding of my vehicle on December 2, 2017 was done to cause me a headache and was done to cause economic harm to me.

54. Alternatively, the defendant police officers were negligent in the performance of their police duties. The BLAINE POLICE DEPARTMENT and the defendant police officers owed me, a private citizen who was off-duty, a duty of care. The duty of care was breached, and as a direct and proximate result I was caused to suffer injuries to my property and person.

55. My Fourth Amendment civil rights were violated from an unreasonably seizure of my property/vehicle by the Blaine Police department on December 2, 2017, from 2100 Block Peace Portal Drive, Blaine, Washington.

56. There is no police report for me from December 2, 2017 because I committed no crime nor violation.

57. I attempted to fight the impounding of my vehicle. I used the local city process available through the CITY OF BLAINE, and through the State of Washington.

58. I also attempted to have the statements and police reports of the defendant police officers corrected so said writings would accurately portray the events that took place on December 2, 2017.

59. When said defendant police officers refused to make corrections I complained to their supervisors, and the city officials of the CITY OF BLAINE.

60. Law enforcement information exchange is a "need to now basis". Information associated from events concerning local law with state jurisdiction and unrelated to federal immigration services regarding Shah Khan was shared without a need to know, and demonstrates a serious problem. Shah Khan is a US citizen and doesn't have affiliation to the US border protection and customs agency. The US Border Patrol doesn't have a need to know for Shah Khan's court case information prior to litigation, and this wrongful information exchange demonstrates unethical information sharing.

61. It was unethical to share the information regarding Shah Khan's arrest with the US Border Patrol. The BLAINE defendants tried to use this wrongful information sharing to hurt and discredit me by associating me with a negative event.

62. I was issued an "Obstruction of Law enforcement officer" charge 2 1/2 months after an event; furthermore, this happened because I exposed the police officers for lying, embellishing, and adding unnecessary information in their police reports concerning the driver's mannerisms while operating the vehicle.

63. Upon information and belief, defendant police officers, the BLAINE POLICE DEPARTMENT or other officials with the CITY OF

BLAINE had conversations with and spoke with GEORGE C. ROCHE, ESQ., DEPUTY PROSECUTING ATTORNEY and during said conversations made misleading statements for the purpose of charging me with a crime, to silence me from exercising my right of free speech, and my right to free from unreasonable seizure.

64. The misdemeanor charge filed against me on or about February 9, 2018 was strictly retaliatory in nature. The charge was brought to cause me economic injury, and to interfere with my good standing as a US Border Patrol Officer. The charge was a direct result of my complaints that the BLAINE POLICE DEPARTMENT failed to follow proper police procedures. The retaliatory criminal charge was brought because I exercised my right to free speech, and it was brought to curtail my free speech. There was no legitimate government reason or purpose to curtail my free speech that was critical of the BLAINE POLICE DEPARTMENT or that was critical of the CITY OF BLAINE.

65. Further, the criminal charge file against me was done to cause me the loss property, loss of income, loss of job status, without giving me due process. Because I was a US Border Patrol Officer a mere allegation of wrongdoing would cause me economic harm.

66. And while my job status was almost immediately restored upon the dismissal of said criminal charge in October of 2019, there is no mechanism to get the loss overtime, the loss of wages,

15

1  the loss of job status, I endured while the baseless criminal
2  charge against was adjudicated in my favor in the Washington State
3  Court System.

4  67. My constitutional claims did not accrue until the
5  criminal charge against me was dismissed on October 31, 2019. The
6  charge against was Obstruction of Law enforcement officer, thus
7  while all my actions were protected by my constitutional rights,
8  the defendants alleged they were criminal in nature and done to
9  interfere with a police investigation. Until my good name was
10 cleared, I could not bring legal process against the defendants
11 for their conduct.

**SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**MALICIOUS PROSECUTION**

68. I repeat and reallege numbered paragraphs herein 1 through 60.

69. My vehicle that I was not driving at the time and was a passenger in, was impounded on December 2, 2017, there was no probable cause to impound the vehicle.

70. I was charged with a misdemeanor obstructing a Law Enforcement Officer on February 9, 2018, arising out of the December 2, 2017 impounding of my vehicle. There was no probable cause for this charge.

71. On October 31, 2019, the misdemeanor charge against me was dismissed with prejudice.

72. The charge against me was made based upon false statements and false reporting by Blaine Police Officers in their reports, against me. These statements were made to make me look bad, the false reporting was done to support Blaine Officers improper following of proper police procedures.

73. As a result, I sustained economic damages and was caused to suffer loss of earnings, and mental distress.

74. After, the charge was issued against me, the Blaine Police Department continued the prosecution, did not stop the prosecution, did not request the prosecution be stopped, nor did they attempt to correct any of their police reports.

75. The Blaine Police Department did nothing to stop the Prosecuting Attorney from moving forward with a criminal case against me.

76. The Blaine Police Department willfully participated in the false prosecution, notwithstanding their clear knowledge that no crime was committed and that they were not interfered with by me.

77. Further it was known to the BLAINE POLICE DEPARTMENT that allegation of wrongdoing made against me would cause an investigation to be undertaken by my employer and that I would suffer economic harm.

78. As a direct and proximate result of the malicious prosecution I was caused to suffer injury to my property and injury to my person.

79. This claim did not accrue until October 31, 2019, when said criminal charge was dismissed with prejudice.

### THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
### ABUSE OF PROCESS

80. I repeat and reallege numbered paragraphs herein 1 through 72.

81. The criminal charge issued against me by the prosecuting attorney was done with an ulterior motive and was not done to enforce the laws of the State of Washington.

82. On February 9, 2018 a misdemeanor charge was issued against me. The charge was dismissed with prejudice on October 21, 2019.

83. There was no legitimate law enforcement purpose for the issuing of the criminal summons against me. It was issued to silence me from being critical of the CITY OF BLAINE and the BLAINE POLICE DEPARTMENT.

84. Upon information and belief, the CITY OF BLAINE, BLAINE POLICE DEPARTMENT, and the defendant police officers spoke with and made material misrepresentations to the prosecuting attorney,

inducing him, and causing him to issue criminal process against me. This was done with an ulterior motive and was not done to enforce the laws of the State of Washington.

85. It was known to all defendants that the simple issuing of the criminal summons would cause me adversity at my job, would cause be to be put on desk duty, would cause me to undergo an investigation.

86. Further, it was known to all defendants that the mere issuing of the criminal summons would cause me economic harm and damage to my reputation.

87. As a direct result of the Abuse of Process by defendants I have suffered injuries to my property and injuries to my person. I lost wages. I lost or was delayed in opportunities for job advancement and transfer. I was caused to suffered mental anguish. My reputation in the community was damaged.

88. This claim did not accrue until October 31, 2019, when said criminal charge was dismissed with prejudice.

## II. REQUEST FOR RELIEF

89. Plaintiff demands trial by jury.

90. Plaintiff prays for relief of $250,000.00 on each cause of action.

91. Plaintiff prays for relief that defendants pay plaintiff's attorney fees and costs of this action.

| | | |
|---|---|---|
| 1 | Dated: | *2-17-2021* (handwritten)<br>February 15, 2021<br>Blaine, Washington |
| 2 | | |
| 3 | | |
| 4 | | *[signature: Steven Tojek]* |
| 5 | | Steven Tojek |
| 6 | | Mail: PO BOX 1975 |
| 7 | | Blaine, Washington |
| 8 | | Phone: (716) 316-1817 |
| 9 | | Email: monte402@yahoo.com |
| 10 | | |