UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN TOJEK,

        Plaintiff,

v.

WHATCOM COUNTY, *et al.*,

        Defendants.

CASE NO. 2:21-cv-00426-RSM-JRC

ORDER GRANTING MOTION TO AMEND COMPLAINT AND DENYING MOTION TO DISMISS

    This matter is before the undersigned on referral from the District Court (Dkt. 8) and on defendants' motion to dismiss (Dkt. 16) and plaintiff's motion to amend the complaint (Dkt. 29). For the reasons discussed herein, the motion to dismiss is denied without prejudice and the motion to amend is granted.

## BACKGROUND

    Plaintiff, proceeding *pro se*, brought suit in state court against various City of Blaine and Whatcom County defendants. Dkt. 1-4, at 1. In his amended complaint, which he filed in state court, he alleges violation of his civil rights, malicious prosecution, and abuse of process based

1  on incidents in which his vehicle was impounded and he was charged with a misdemeanor. *See*

2  *generally* Dkt. 1-4. Defendants removed the matter to this Court, and, on April 28, 2021, filed a

3  motion to dismiss. Dkt. 16. Plaintiff is now represented by counsel and has not responded to the

4  motion to dismiss.

5  Rather, on August 18, 2021, plaintiff filed a motion to amend his complaint. Dkt. 29.

6  Defendants have not filed a response to the motion to amend, and the matter is ripe for

7  consideration.

8  **DISCUSSION**

9  Plaintiff seeks to amend his complaint to remove claims against defendants Whatcom

10  County Prosecutor's Office and George Roche and to clarify his remaining claims. Dkt. 29, at 2.

11  Plaintiff has provided the Court with a copy of the proposed second amended complaint. Dkt.

12  30, at 4–12.

13  Plaintiff must obtain leave of court to amend his complaint. *See* Fed. R. Civ. P. 15(a).

14  But "[t]he Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

18  *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit has held that "[a]bsent prejudice,

19  or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under

20  Rule 15(a) in favor of granting leave to amend." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d

21  1048, 1052 (9th Cir. 2003).

22  Here, no prejudice to defendants is apparent, as the motion to amend seeks to delete and

23  clarify claims. Moreover, defendants have failed to oppose the motion to amend, which the

24

ORDER GRANTING MOTION TO AMEND
COMPLAINT AND DENYING MOTION TO DISMISS
- 2

Court deems an admission that the motion to amend has merit. *See* Local Civil Rule 7(b)(2). The matter is in its early stages, and amendment of the complaint, now that plaintiff is represented by counsel, is reasonable. No bad faith in moving for amendment is apparent.

Therefore, the Court grants leave for plaintiff to amend the complaint. An amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The original complaint is "treated thereafter as non-existent." *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012). The motion to dismiss attacks the first amended complaint, which is now "non-existent." Therefore, the Court also denies the motion to dismiss without prejudice. Dkt. 16; *see also Florence v. Stanback*, 607 F. Supp. 2d 1119, 1120 (C.D. Cal. 2009) (explaining that a magistrate judge may issue an order denying a motion to dismiss without prejudice, rather than a report and recommendation).

**CONCLUSION**

The motion to dismiss (Dkt. 16) is denied without prejudice and with leave to file a second motion to dismiss, targeting the second amended complaint, if defendants wish to do so. The motion to amend the complaint (Dkt. 29) is granted, and plaintiff shall file the proposed second amended complaint provided to the Court (*see* Dkt. 30) as the operative complaint in this matter. The remaining defendants shall then timely answer or otherwise respond to the second amended complaint.

Dated this 21st day of September, 2021.

J. Richard Creatura
Chief United States Magistrate Judge