UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

STEVEN TOJEK

              Plaintiff,

  vs.

CITY OF BLAINE; JACOB FARRER; JON LANDIS; JASON HENTZ,

              Defendants.

NO. 2:21-cv-00426-RSM-JRC

COMPLAINT FOR DAMAGES

The Plaintiff, by his attorneys, Van Siclen, Stocks & Firkins, P.S., Inc., complaining of the Defendants, respectfully alleges as follows:

**NATURE OF ACTION**

1. This is a civil action, pursuant to 42 U.S.C § 1983 seeking monetary damages for the wrongful seizure of Plaintiff's vehicle and Plaintiff's wrongful arrest.

**STATEMENT OF JURISDICTION**

2. At all times herein mentioned, the Plaintiff was an individual residing in Whatcom County, Washington.

Complaint For Damages
PAGE - 1

3. The CITY OF BLAINE is a political subdivision, a city, located in WHATCOM COUNTY, Washington State. The CITY OF BLAINE provides a police force that polices within the geographic borders of the CITY OF BLAINE.

4. At all times material hereto OFFICER JACOB FARRER, was a police officer with Blaine Police Department and an individual residing in Whatcom County, Washington.

5. At all times material hereto OFFICER JON LANDIS, was a police officer with Blaine Police Department and an individual residing in Whatcom County, Washington.

6. At all times material hereto OFFICER JASON HENTZ, was a police officer with Blaine Police Department and an individual residing in Whatcom County, Washington.

7. Venue in this Court is proper as the amount in controversy exceeds the jurisdictional limits of all lower courts, and all relevant events occurred in Whatcom County.

8. This Court has personal jurisdiction over the defendants as all defendants are located within Whatcom County.

9. Plaintiff served a claim form on CITY OF BLAINE on December 1, 2020; and more than sixty (60) days have elapsed from that time.

**FACTS**

10. Plaintiff Steven Tojek is an agent with the U.S. Customs and Border Patrol.

11. On or about December 2, 2017, at approximately 2:45 a.m., Mr. Tojek was riding in the passenger seat of a vehicle driven by Shah Khan. Mr. Tojek owned the vehicle.

12. Mr. Khan was pulled over by Officer Farrer of the Blaine Police Department near 2100 Peace Portal Drive.

13. Mr. Khan was initially stopped for excessive speed amounting to reckless driving.

Complaint For Damages
PAGE - 2

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 741-3679

14. Under Washington law at the time, the arresting officer was permitted to summarily impound a vehicle as long as the driver was arrested for driving under the influence (DUI).

15. Under the law at the time, an officer could only impound a vehicle for non-DUI crimes if the vehicle constituted evidence in a crime or if the vehicle impeded the roadway *and* no other person was available to move the vehicle.

16. Mr. Khan was arrested for reckless driving, informed of his Miranda rights and placed in the back of the patrol vehicle by Officers Farrer and Hentz. No sobriety tests were requested or performed, and Mr. Khan indicated that he wished to speak to an attorney before discussing anything further.

17. Officer Farrer informed Mr. Tojek that he was free to go, but that the police department would be impounding the vehicle.

18. At the time Officer Farrer called for a tow truck to impound Mr. Tojek's vehicle, Mr. Khan had only been arrested for reckless driving. The vehicle was not evidence of a crime, nor was there no available person who could remove the vehicle. Officer Farrer therefore had no legal basis to impound Mr. Tojek's car.

19. Mr. Tojek insisted that he be given his keys so that he could drive home. Officer Farrer refused and told him to walk home, despite knowing that it was unsafe to do so.

20. Officer Farrer further indicated that he would not release Mr. Tojek's vehicle unless Mr. Tojek consented to a field sobriety test. Officer Farrer did not have any legal basis to demand a field sobriety test.

Complaint For Damages
PAGE - 3

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 741-3679

21. Mr. Tojek then contacted a friend and informed Officers Farrer and Hentz that someone else would be coming who could drive the vehicle home. Officer Farrer again refused to give Mr. Tojek the keys and again told Mr. Tojek that the car was being impounded.

22. The entire exchange between Mr. Tojek and Officer Farrer spanned less than two minutes.

23. After the exchange with Officer Farrer, Mr. Tojek got into the passenger seat of his car and remained there until the tow truck arrived.

24. Mr. Tojek did not take any physical action, nor did he hinder, delay, or obstruct any law enforcement officer in the discharge of their official powers or duties. This is especially so as Officers Farrer and Hentz were doing nothing other than awaiting the arrival of a tow truck and Washington State Patrol.

25. At approximately 3:00 a.m., Officers Farrer and Hentz transferred custody of Mr. Khan to the Washington State Patrol.

26. It was only after Washington State Patrol took custody of Mr. Khan that he was arrested for DUI. Washington State Patrol took no action with respect to Mr. Tojek or his vehicle.

27. At approximately 3:45 a.m., Mr. Tojek's vehicle was towed from the scene under the authorization of Officer Landis.

28. At some point over the next two months, the Blaine Police Department contacted the Whatcom County Prosecutor's Office and recommended that Mr. Tojek be criminally charged.

Complaint For Damages
PAGE - 4

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 741-3679

29. The Blaine Police Department knew or should have known that they did not have probable cause to press for Mr. Tojek to be charged with obstruction, in light of the Washington Supreme Court's decision in *State v. EJJ*.

30. Upon information and belief, the Blaine Police Department's recommendation to charge Mr. Tojek with obstruction was in retaliation for incidents that occurred in 2015 and January 2017.

31. On February 9, 2018, the Whatcom County Prosecutor's Office, based upon information provided by the Blaine Police Department, charged Mr. Tojek with obstruction of law enforcement officer.

32. On February 18, 2018, CBP placed Mr. Tojek on non-enforcement duty, a position that pays significantly less per year than his usual position. Mr. Tojek remained in that position until he was exonerated in October 2019.

33. A local newspaper reported on the details of the traffic stop and subsequent criminal charge, painting Mr. Tojek as unfit for public office and damaging his reputation in the community.

34. Mr. Tojek hired private counsel to defend him against the obstruction charge. Mr. Tojek necessarily incurred significant costs and attorney fees in doing so.

35. On October 31, 2019, the Whatcom County Superior Court dismissed the charge against Mr. Tojek for insufficient evidence.

36. In dismissing the charges against Mr. Tojek, the Superior Court judge noted that "nothing that he did slowed down that investigation [into Khan] whatsoever, absolutely nothing." The judge noted further that "the only thing Tojek did, although he was abrupt with

Complaint For Damages
PAGE - 5

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 741-3679

him, gruff, was to assert his constitutionally protected right" to free speech and to retain his property, i.e. his vehicle.

37. The City of Blaine, through its agents at the Blaine Police Department, ratified the conduct of the individual officers involved in the traffic stop by approving of the officers' actions and recommending criminal charges to the Whatcom County Prosecutor's Office.

38. As the result of Defendants' conduct, Plaintiff has sustained damages including but not limited to legal fees, impound redemption charges, loss of reputation, mental anguish, pain and suffering, lost wages, and lost opportunities for career advancement.

FIRST CAUSE OF ACTION

**42 U.S.C. § 1983**

39. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 38 as if fully set forth herein.

40. The actions taken by Defendants were in violation of clearly established constitutional protections of which Defendants knew, or with reasonable foresight, should have known.

41. During the course of the case, Defendant City of Blaine acquiesced in the wrongful actions of the individually named defendants, and sanctioned and/or condoned the improper conduct as an official practice and policy of these defendants.

42. Defendants, acting under color of law, deprived Plaintiff of his constitutional rights under the 1st, 4th, 5th, and 14th Amendments of the U.S. Constitution, in violation of 42 U.S.C. § 1983 and 42 U.S.C. § 1985, including wrongful seizure of Plaintiff's vehicle, wrongful arrest, and wrongful prosecution of Plaintiff.

Complaint For Damages
PAGE - 6

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 741-3679

43. Defendant City of Blaine, and the individually named defendants, acting in their individual and official capacities, and acting under color of law, violated 42 U.S.C. § 1983 and § 1985, when they impounded Mr. Tojek's vehicle.  There was no legitimate government reason to impound Mr. Tojek's vehicle on December 2, 2017.  There was nothing about the vehicle that would support a charge of reckless driving, nor were the interests of public safety advanced, as the operator of the vehicle was under arrest and seated in the back of a patrol car.

44. Defendant City of Blaine, and the individually named defendants, acting in their individual and official capacities, and acting under color of law, violated 42 U.S.C. § 1983 and § 1985, when they recommended to the Whatcom County Prosecutor's Office that Mr. Tojek be charged with obstruction despite knowing that such a charge was not supported under Washington law.

45. The foregoing violations of Plaintiff's federal constitutional rights by the Defendants directly, substantially, proximately and foreseeably brought about Plaintiff's injuries and damages.

46. Defendants committed the foregoing violations of Plaintiff's rights knowingly, intentionally, willfully, recklessly, negligently, and/or with deliberate indifference to Plaintiff's constitutional rights or to the effect of such misconduct upon Plaintiff's constitutional rights.

SECOND CAUSE OF ACTION

**Malicious Prosecution**

47. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 46 as if fully set forth herein.

Complaint For Damages
PAGE - 7

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 741-3679

48. Defendants had no probable cause to institute and/or continue the criminal prosecution of Mr. Tojek, in light of the Washington Supreme Court's opinion in *State v. EJJ*, 183 Wn.2d 497, 354 P.3d 815 (2015).

49. Defendants acted with malice by instigating and continuing criminal charges which they knew or should have known were unconstitutional under the Washington State and U.S. Constitutions.

50. Defendants willfully participated in the prosecution, notwithstanding their clear knowledge that no crime was committed.

51. Defendants' actions constitute malicious prosecution under the common law.

52. As a direct and proximate result of the malicious prosecution, Mr. Tojek was caused to suffer injury to his property and person, for which he is entitled to recover damages.

**DEMAND**

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

a. For compensatory damages in an amount to be established and determined at the time of trial; and

b. For punitive damages against the individual Defendants in an amount to be determined at the time of trial; and

c. For reasonable attorneys' fees, together with costs and disbursements, pursuant to 42 U.S.C. § 1988; and

//

//

Complaint For Damages
PAGE - 8

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA  98002-1381
(253) 859-8899 • Fax (866) 741-3679

d.    For such other and further relief as this Court may deem just and proper.

                                           VAN SICLEN STOCKS & FIRKINS


                                           By: __/s/ Strephanie L. Messplay_____
                                           Stephanie L. Messplay WSBA # 47017
                                           Attorneys for Plaintiff
                                           721 45th Street NE
                                           Auburn, WA 98002
                                           Telephone: 253-859-8899
                                           Email: smessplay@vansiclen.com

Complaint For Damages
PAGE - 9

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 741-3679