1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10

| | |
|---|---|
| STEVEN TOJEK, | CASE NO. 2:21-cv-00426-DGE |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| CITY OF BLAINE, JACOB FARRER, JON LANDIS, JASON HENTZ, | |
| Defendant. | |

11
12
13
14
15
16
17

## I.    INTRODUCTION

This matter comes before the Court on Defendants City of Blaine (the "City"), Officer

Jacob Farrer, Officer Jon Landis, and Officer Jason Hentz (the "Officers") Motion to Dismiss the

Second Amended Complaint (the "SAC").  (Dkt. No. 37.)  The Court has considered the

pleadings filed in support of and in opposition to the motion and the remainder of the file and

hereby grants the motion.  Plaintiff's wrongful seizure and wrongful arrest claims are both

dismissed with prejudice.  Plaintiff's malicious prosecution claims are dismissed without

18
19
20
21
22
23
24

1   prejudice and with leave to file a third amended complaint addressing the deficiencies in the

2   pleadings discussed in further detail below.  Fed. R. Civ P. 15(a).

3                                    **II.      BACKGROUND**

4             In the early morning on December 2, 2017, Plaintiff was riding in the passenger seat of

5   his vehicle driven by Shah Khan.  (Dkt. No. 36 at 2.)  Officer Farrer of the Blaine Police

6   Department pulled the vehicle over for excessive speeding.  (*Id*.)  Mr. Khan was subsequently

7   arrested for reckless driving and placed in the back of a patrol vehicle by Officers Farrer and

8   Hentz.  (*Id.* at 3.)  The Officers then called for a tow truck to come and impound Plaintiff's

9   vehicle.  (*Id*.)  Plaintiff contested the decision to impound the vehicle insisting that he could

10  drive his vehicle home, but the Officers refused unless Plaintiff consented to a field sobriety test.

11  (*Id.*)  Plaintiff refused and went back into his car and sat in the passenger seat until the tow truck

12  arrived.  (*Id*.)  The vehicle was eventually impounded and Plaintiff went home on his own

13  accord.  (*Id*.)  As a result of his interaction with the Officers that night, on February 9, 2018 the

14  Whatcom County Prosecutor's Office charged Plaintiff with obstruction of a law enforcement

15  officer.  (*Id*. at 5.)  On October 31, 2019, the Whatcom County Superior Court dismissed the

16  charge against Plaintiff for insufficient evidence.

17            Plaintiff filed his complaint *pro se* on February 3, 2021, in Whatcom County Superior

18  Court against Defendants and Whatcom County, the Department of Prosecuting Attorney

19  Whatcom County, and Deputy Prosecuting Attorney George Roche.  (Dkt. No. 1-1 at 25.)  Prior

20  to filing his complaint, Plaintiff served a notice of claim on all Defendants on December 1, 2020.

21  (Dkt. No. 36 at 2.)  He then filed an amended complaint on February 17, 2021.  (*Id*. at 5.)  The

22  case was removed to federal court on March 30, 2021.  (Dkt. No. 1 at 1.)  On September 28,

23  2021 Plaintiff retained counsel and filed the Second Amended Complaint ("SAC"), dropping

24

1   Defendants Whatcom County, Department of Prosecuting Attorney Whatcom County, and

2   George Roche from the action.  (Dkt. No. 36.)

3                    **III.   DISCUSSION**

4          Plaintiff's SAC brings 42 U.S.C. § 1983 claims for wrongful seizure of his vehicle,

5   wrongful arrest, malicious prosecution, and an additional malicious prosecution claim under

6   Washington State common law.  Defendants move to dismiss all claims.

7          Federal Rule of Civil Procedure 12(b) motions to dismiss may be based on either the lack

8   of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

9   theory.  *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material

10  allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston*

11  *v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6)

12  motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the

13  grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

14  recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550

15  U.S. 544, 554-55 (2007) (internal citations omitted).  "Factual allegations must be enough to

16  raise a right to relief above the speculative level, on the assumption that all the allegations in the

17  complaint are true (even if doubtful in fact)."  *Id*. at 555.  The complaint must allege "enough

18  facts to state a claim to relief that is plausible on its face."  *Id*. at 547.

19       **A.  Plaintiff's 42 U.S.C. § 1983 Claim for Wrongful Seizure of Plaintiff's Vehicle.**

20         Defendants move to dismiss Plaintiff's wrongful seizure claim arguing that it is time-

21  barred because it was not brought within the applicable limitations period.  As 42 U.S.C. § 1983

22  has no tolling provision, "federal courts will apply the applicable period of limitations under

23  state law for the jurisdiction in which the claim arose."  *Boston v. Kitsap Cty.*, 852 F.3d 1182,

24

1185 (9th Cir. 2017) (*citing Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981)).  In Washington,

courts have applied the three-year limitations period outlined in Washington Revised Code §

4.16.080(2) to § 1983 claims.  *Id*.

Plaintiff all but concedes that his § 1983 claim related to the wrongful seizure of his

vehicle is time barred.  Plaintiff's vehicle was seized on December 2, 2017.  (Dkt. No. 36 at 3–

4.)  From there the clock began to run on the limitations period for the § 1983 claim.  *See Spitzer

v. Aljoe*, 2015 WL 1843787, at *6–7 (N.D. Cal. Apr. 6, 2015) (starting the statute of limitations

clock when the party knew of the seizure of his vehicle).  Plaintiff filed his complaint on

February 3, 2021 (Dkt. No. 1-4), outside of the three-year limitations period.

Instead, Plaintiff alleges that his claims were tolled by serving a pre-claim notice on

Defendants on December 1, 2020, extending the limitations period by 60 days through

Washington Revised Code § 4.96.020.  The Ninth Circuit has explicitly held that such an

extension is inapplicable to § 1983 claims.  *Boston*, 852 F.3d at 1185, 1189 (holding that §

4.96.020 does not alter the three-year statute of limitations applicable to § 1983 claims); *see

Beeman v. City of Sedro-Woolley*, 2021 WL 3287744, at *4 (W.D. Wash. Aug. 2, 2021).  Having

filed outside of the three-year limitations period, the Court therefore finds that Plaintiff's § 1983

claim for wrongful seizure of Plaintiff's vehicle is time-barred and dismissed with prejudice.

**B.  Plaintiff's 42 U.S.C. § 1983 Claim for Wrongful Arrest.**

Plaintiff's § 1983 claim for wrongful arrest is dismissed with prejudice.  Plaintiff's failure

to respond to Defendants' argument in the motion to dismiss (Dkt. No. 37 at 5) alone results in a

waiver of the claim.  *Lee v. Retail Store Emp. Bldg. Corp.*, 2017 WL 346021, at *20 (N.D. Cal.

Jan. 24, 2017) (denying leave to amend because the plaintiffs' "failure to even argue the issue in

their opposition indicates a waiver of [the plaintiffs'] claim").  Moreover, at no point in the SAC

does Plaintiff allege that he was arrested in connection to the obstruction charge.  Even if he had, the claim would likely be time-barred as wrongful arrest claims under § 1983 face the same three-year limitations period, which starts the day of the alleged wrongful arrest.  *Fager v. Olympic Peninsula Narcotics Enf't Team*, 2015 WL 419312, at *5 (W.D. Wash. Jan. 30, 2015), *aff'd,* 700 F. App'x 569 (9th Cir. 2017) (*citing Davis v. Harvey,* 789 F.2d 1332, 1333 n. 1 (9th Cir.1986)).  Therefore, the Court finds that Plaintiff's § 1983 claim for wrongful arrest has been waived and is dismissed with prejudice.

**C.  Malicious Prosecution Claims.**

Plaintiff's pleadings suffer from numerous deficiencies.  Although Plaintiff was *pro se* at the time he filed his initial complaint, he since has retained counsel and amended his pleadings.  However, the Court believes it would be improper to dismiss Plaintiff's claims as they may still be saved by amendment.  *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009).  Therefore, based on the deficiencies discussed below, the Court grants Defendant's Motion to Dismiss without prejudice and with leave to amend.

### 1.  Municipal Liability.

"While local governments may be sued under § 1983, they cannot be held vicariously liable for their employees' constitutional violations."  *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013).  Instead, to state a viable 42 U.S.C. § 1983 claim against a municipality, a plaintiff must allege facts to support a reasonable inference that the execution of a policy, custom, or practice of the municipality was the "moving force" behind a deprivation of his constitutional rights.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–92 (1978).  There are three established scenarios in which a municipality may be liable for constitutional violations

1  under § 1983.  "First, a local government may be held liable 'when implementation of its official

2  policies or established customs inflicts the constitutional injury.'"  *Clouthier v. County of Contra*

3  *Costa*, 591 F.3d 1232, 1249 (9th Cir. 2012) (*quoting Monell*, 436 U.S. at 708) *overruled on other*

4  *grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016).  Second, a plaintiff can

5  prevail on a § 1983 claim against a municipality by identifying acts of omission, such as a

6  pervasive failure to train its employees, "when such omissions amount to the local government's

7  own official policy."  *Id.*  Finally, a municipality "may be held liable under § 1983 when 'the

8  individual who committed the constitutional tort was an official with final policy-making

9  authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the

10  basis for it.'"  *Clouthier*, 591 F.3d at 1250 (*quoting Gillette v. Delmore*, 979 F.2d 1342, 1346–47

11  (9th Cir. 1992).

12       Simply put, Plaintiff's SAC does not adequately plead any of these scenarios against the

13  City.  Plaintiff attempts to take the third approach in the SAC when he alleges the City "ratified

14  the conduct of the individual officers involved in the traffic stop by approving of the officers'

15  actions and recommending criminal charges."  (Dkt. No. 36 at ¶ 37.)  However, this is the type

16  legal conclusion presented as a factual allegation that the Court cannot accept at this

17  stage.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 550).  These naked assertions,

18  without any further factual support, are insufficient to state a claim of municipal liability.

19       Plaintiff later takes the first approach when he argues that "[d]uring the course of the

20  case, Defendant City of Blaine acquiesced in the wrongful actions of the individually named

21  defendants, and sanctioned and/or condoned the improper conduct as an official practice and

22  policy of these defendants." (Dkt. No. 36 at ¶ 41.)  This is not enough.  Without more, Plaintiff

23  cannot simply point to a single incident of alleged unconstitutional activity and extrapolate that it

24

1    is the result of a policy of the municipality.  *See Kayser v. Whatcom Cty.*, 2018 WL 6304756, at

2    *3 (W.D. Wash. Dec. 3, 2018).

3           If the City condoned, ratified, or accepted the actions of the Officers, Plaintiff needs to

4    plead factual allegations identifying how the City did so.  If Officers Farrer, Landis, and Hentz

5    were acting in accord with an official policy or practice sanctioned by the City, Plaintiff must

6    articulate what policy or practice the Officers were complying with when the allegations

7    occurred.

8                              2.   Officers Farrer, Landis, and Hentz.

9           Plaintiff's SAC also fails to establish factual allegations that, taken as true, would

10   establish liability over Officers Farrer, Landis, and Hentz.  From the SAC, the Court understands

11   that the officers were involved, in some form or another, in the events of December 2, 2017.

12   However, the specific allegations against the officers stop there.  Plaintiff's SAC continues on

13   alleging that "the Blaine Police Department" contacted the Whatcom County Prosecutor's Office

14   and recommended that Plaintiff be charged with obstruction of a law enforcement officer.  (Dkt.

15   No. 36 at 4–7.)  With the wrongful seizure and wrongful arrest claims dismissed with prejudice,

16   the lone allegation remaining in the SAC is that the Blaine Police Department recommended to

17   the Whatcom County Prosecutor's Office to bring charges against Plaintiff.  It is unclear from

18   the SAC what role the Officers played in this allegation.  In order for Plaintiff's claims to survive

19   against the Officers, Plaintiff must allege the officers personally participated in the conduct at

20   issue. *Burton v. Benson*, 2008 WL 2433193, at *4 (E.D. Wash. June 13, 2008).  If Plaintiff

21   amends the SAC, he must clearly articulate how each of the Officers personally participated in

22   the alleged conduct.

23                              3.   Elements of State and Federal Malicious Prosecution Claims.

24

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 7

Plaintiff alleges both a federal 42 U.S.C. § 1983 malicious prosecution claim and a common law malicious prosecution claim under Washington common law.

Malicious prosecution with the intent to deprive a person of equal protection of the law or otherwise subjecting a person to a denial of constitutional rights is cognizable under § 1983. *Poppell v. City of San Diego,* 149 F.3d 951, 961 (9th Cir.1998) (*citing Usher v. City of Los Angeles,* 828 F.2d 556, 562 (9th Cir.1987)).  Federal courts rely on state common law for elements of malicious prosecution.  *Mills v. City of Covina*, 921 F.3d 1161, 1169 (9th Cir. 2019). To prevail on a claim for malicious prosecution in Washington, a plaintiff must show that: "(1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings terminated on the merits in favor of the plaintiff, or were abandoned; and (5) that the plaintiff suffered injury or damage as a result of the prosecution."  *Moody v. McCullough*, 2021 WL 1376645, at *7–8 (W.D. Wash. Apr. 12, 2021) (citing *Bender v. City of Seattle*, 99 Wash.2d 582, 593 (1983)).  Accordingly, in addition to having to make a showing on those five elements, a Washington plaintiff bringing a § 1983 claim of malicious prosecution must show that the defendants prosecuted him for the "purpose of denying him equal protection or another specific constitutional right.'"  *McCullough*, 2021 WL 1376645, at *8 (citing *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004).

Defendants only dispute the first two elements of the claim.  (Dkt. No. 37 at 6.[1])  Defendants argue that it was the Whatcom County Prosecutor's Office, not Defendants, that

---

[1] Defendants' Reply raises the issue of whether or not probable cause actually existed.  (Dkt. No. 40 at 5.)  Although Plaintiff seems to rely on the fact that Plaintiff's charges were dismissed to

1   instituted the obstruction charge against Plaintiff.  (Dkt. No. 37 at 6–7.)  Although it is true that

2   the Whatcom County Prosecutor's Office is a distinct and separate entity from the City of Blaine,

3   a plaintiff may bring a malicious prosecution claim against prosecutors and "other persons who

4   have wrongfully caused the charges to be filed."  *Awabdy*, 368 F.3d at 1066.  However, as

5   discussed above, the SAC suffers from the deficiencies about exactly which Defendants, if any,

6   played a role in the obstruction charges being filed.

7          As for the third element, malice requires proving that the prosecution was undertaken for

8   improper motives or in reckless disregard of the plaintiff's rights.  *Bender*, 99 Wash. 2d at 594.

9   Improper motives may take the form of prosecuting the plaintiff without believing they are

10  guilty, primarily out of hostility, or to obtain a private advantage over the plaintiff.  *Id*.  The

11  plaintiff must "demonstrate affirmative acts disclosing at least some feeling of bitterness,

12  animosity or vindictiveness towards the [party]."  *Youker v. Douglas Cty.*, 162 Wash. App. 448,

13  464 (2011).

14         Here, Plaintiff's SAC fails to adequately plead malice.  Plaintiff alludes to the possibility

15  that the recommendation of the obstruction charge was "in retaliation for incidents that occurred

16  in 2015 and January 2017" (Dkt. No. 36 at ¶ 30), however this is not sufficient to plead malice.

17  Plaintiff must adequately allege some affirmative acts that, if true, would demonstrate some

18  feelings of "bitterness, animosity or vindictiveness" towards Plaintiff.  *Youker*, 162 Wash. App.

19  at 464.  Here, Plaintiff provides no detail as to what occurred in 2015 and January 2017, or how

20  the City or the Officers were involved in those events.  Nor has he alleged any factual allegations

21

22  establish lack of probable cause, "the mere fact a prosecution was unsuccessful does not mean it
    was not supported by probable cause."  *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th

23  Cir. 1995).  Regardless, the Court does not want to raise the issue *sua sponte* without briefing
    from both parties and the issue is likely best left for summary judgment.

24

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 9

that the Defendants took any affirmative acts based on any negative feelings that developed

towards the Plaintiff as a result of those events.

Finally, specific to his § 1983 claim, Plaintiff has failed to adequately allege that

Defendants acted with the purpose of denying him his constitutional rights.  The SAC lists a

number of rights that Plaintiff alleges were violated as a result of Defendants' actions, however

its unclear from the SAC that any Defendants acted with the purpose of denying him one of

those rights.

4.   Prosecutorial Independence.

Assuming that Plaintiff can adequately allege a *prima facie* claim for malicious

prosecution, the Court notes that there is an outstanding issue that raises doubts as to whether

Plaintiff has stated viable malicious prosecution claims for injuries resulting from the filing of

the criminal charges.  "Ordinarily, the decision to file a criminal complaint is presumed to result

from an independent determination on the part of the prosecutor, and thus, precludes liability for

those who participated in the investigation or filed a report that resulted in the initiation of

proceedings."  *Awabdy*, 368 F.3d at 1067.  To overcome the presumption of prosecutorial

independence, a plaintiff must allege facts suggesting that the defendants "improperly exerted

pressure on the prosecutor, knowingly provided misinformation to him, concealed exculpatory

evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental

in causing the initiation of legal proceedings."  *Id.*

Based on the Court's review of the SAC, there are no allegations indicating that the

prosecutor's independence in filing charges was improperly influenced by Defendants.

Plaintiff's allegations against Defendants are as follows:

- The Blaine Police Department contacted the Whatcom County

Prosecutor's Office and recommended that Plaintiff should be criminally charged for obstruction of a law enforcement officer.  (Dkt. No. 36 at ¶ 28.)

- The Blaine Police Department should have known that Plaintiff should not have been charged with obstruction of a law enforcement officer because of a Washington Supreme Court opinion in *State v. E.J.J.*, 183 Wash. 2d 497 (2015) held that "obstruction statutes may not be used to limit citizens' right to express verbal criticism, even abusive criticism, at police officers."  (Dkt. No. 36 at ¶ 29.)

- Subsequently, the Whatcom County Prosecutor's Office charged Plaintiff with obstruction of a law enforcement officer.  (Dkt. No. 36 at ¶ 31.)

The Court is unable to locate any actual factual allegations in the complaint suggesting that the materials presented to the prosecutor included false information, omitted any material information, or that Defendants otherwise "engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings."  *Beck v. City of Upland*, 527 F.3d 853, 862–63 (9th Cir. 2008) (quotation omitted).

Unlike most malicious prosecution cases, Plaintiff's theory is not that Defendants provided false information.  Plaintiff exclusively argues that the charges filed against him should never have been filed because they were in violation of Washington Supreme Court precedent. Even if Plaintiff's claim was viable up to this point, it is unclear to the Court how Defendants could have interfered with with the prosecutor's judgment by omitting a relevant Washington Supreme Court case.  It is the prosecutor's discretion to prosecute or not, and under what legal theory.  Wash. Rev. Code § 9.94A.411.  If the prosecutor brought charges under a non-viable

legal theory, it is the prosecutor who was the proximate cause of the malicious prosecution, not the recommendation of the investigating officers.

In order for Plaintiff's malicious prosecution claims to move forward, Plaintiff's amended complaint must state factual allegations, taken on their face, that would rebut the presumption of prosecutorial independence.

## IV.   CONCLUSION

Accordingly, and having considered Defendants' motion, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Defendants' Motion to Dismiss is GRANTED.

1. Plaintiff's 42 U.S.C. § 1983 claims for wrongful seizure of Plaintiff's vehicle and wrongful arrest are DISMISSED WITH PREJUDICE.

2. Plaintiff's malicious prosecution claims are DISMISSED WITHOUT PREJUDICE and with leave to amend.  If Plaintiff chooses to file an amended complaint, he must plead, if he is able to, additional factual allegations to cure the deficiencies identified in this order. The amended complaint must be filed no later than January 14, 2022.  If an amended complaint is not filed, the remaining claims will be dismissed with prejudice.

Dated this 28th day of December 2021.

David G. Estudillo
United States District Judge